Price, Adm'r, *et al, vs.* Munroe.

------

Wm. G. Price, adm'r, *et al.,* plaintiff in error, *vs.* Lorenzo D. Munroe, defendant in error.

When a *certiorari* is applied for under the provisions of the Code which does not require the sanction of a Judge, a notice to the adverse party that a petition for a writ of *certiorari* has been *filed* in the Clerk's office of the Superior Court, for the removal of a case from a Justices Court to the Superior Court, will be sufficient.

*Certiorari* from Justices Court.    Decided by Judge Vason. Calhoun Superior Court.    March Term, 1866.

Munroe sued Nancy Price and William G. Price as administrator of William Price, deceased, in eleven different suits on as many $50 notes, in the Justices Court.

Defendants plead tender and *plene administravit.*

At the trial two witnesses testified that they saw defendant tender plaintiff money in payment of these notes; they thought it was Confederate money, and knew not how much he tendered; it was in the fall of 1864; plaintiff refused to take the money.

The Ordinary's books were introduced to support the plea of *plene administravit,* but what they showed does not appear by the record.

The jury found for the defendants.

Munroe *certioraried* the cases, alledging, " that the verdict of the jury was contrary to law and evidence, in this that the jury found for your petitioner, but finding they could not bind the assets of the estate alone, they found against (him,) when he ought to have had a verdict at law against Nancy Price and Wm. G. Price as administrator, and the securities on appeal, who were W. E. Griffin and Robert Adams, and also he should have had a verdict against the administrator because he failed to support his plea of *plene administravit* and tender."

The *certiorari* was filed in the office of the Clerk of the Superior Court on the 21st of September, 1866.

The following notice was served, (it does not appear when :)

" L. D. Munroe,

*vs.*

Wm. G. Price, adm'r of Wm. Price, dec'd,

And Nancy Price.

Verdict for defendant in Justices Court, 1123d District G. M.

To P. J. Dunn, attorney for Wm. G. Price, adm'r of Wm. Price, dec'd, and Nancy Price.

Sir—Please take notice that I have this day filed in the office of Clerk of the Superior Court of Calhoun County, a petition for a Writ of *Certiorari* in the above stated case, which said *certiorari* will stand for trial at the March Term of said Court, 1867.

L. D. MUNROE, Petitioner's Att'y."

When the case came on for hearing in the Superior Court

Price, Adm'r, *et al, vs.* Munroe.

defendant's attorney moved to dismiss the petition and writ of *certiorari,* because 1st, said notice was insufficient in law, or not the notice required by law.    2d, The petition did not plainly and distinctly set out the causes of error complained of, no error being set out.

The Court over-ruled the motion.

Plaintiff's attorney moved to amend the petition by adding to it a copy of said notes.    This the Court allowed.

After argument the Court sustained the *certiorari* and ordered a new trial.

His refusal to dismiss, the allowance of the amendment and the granting of a new trial, are assigned as error.

DUNN, LYON, DEGRAFFENREID and SHORTER, for plaintiffs in error.

HOOD and L. D. MUNROE, Jr., for defendant in error.

WARNER, C. J.

This was an application for *certiorari* under the provisions of the 3980th section of the Revised Code, from the decision of a Justices Court.    The petition was filed in the Clerk's office as required by the Code, and the Clerk issued the writ of *certiorari,* directed to the Justice whose decision was complained of, who made his return in obedience thereto.    The plaintiffs gave the defendant notice that he had *filed* in the Clerk's office his petition for writ of *certiorari,* and that the same would stand for trial at the March Term of the Court, 1867.    A motion was made in the Court below to dismiss the *certiorari* upon the ground, that the notice of *filing* the petition for *certiorari* in the Clerk's office, was not a sufficient notice under the law, and not the notice required by law. The Court over-ruled the motion and defendant excepted. We think the notice given of the *filing* the petition for *certiorari* was sufficient under the law, in this case.    When a *certiorari* is applied for under the provisions of the Code, other than from the decision of the Inferior Court, and Court of Ordinary, which require the *sanction* of the Judge, no notice

of the *sanction* of the writ of *certiorari* is required; but a notice that a petition for a writ of *certiorari* has been *filed* in the office of the Clerk of the Superior Court for the removal of a case from a Justices Court to the Superior Court, is a sufficient notice under the law ; the *sanction* of the Judge not being required to the writ in such cases, notice thereof is not necessary.   To correct the errors in a Justices Court a *certiorari* is obtained by *filing* a petition therefor in the Clerk's office.   To correct the errors in the Inferior Court or Court of Ordinary, the *sanction* of the Judge is required, and *notice* of such sanction, must be given.   In the one case, notice of the *filing* the petition must be given ; in the other, notice of *the sanction of the writ.*

The grounds of error were sufficiently set forth in the petition to enable the Court to understand and decide upon them. The Court below also had the discretion to allow the amendment.   We find no error in the judgment of the Court ordering a new trial in the case.

Let the judgment of the Court below be affirmed.